IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATERA KORENE TANNER,<br><br>            Plaintiff,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>            Defendant. | **8:24CV200**<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND PLAINTIFF'S MOTION TO OPPOSE MISCELLANEOUS RELIEF** |

In this case, plaintiff LaTera Tanner, a former employee of defendant Mutual of Omaha Insurance Company, asserted *pro se* claims of retaliation in violation of the Nebraska Wage Payment Collection Act (NWPCA), the Nebraska Fair Employment Practice Act (NFEPA), and Title VII of the Civil Rights Act of 1964 against the company and several of its employees. Filing 14. The Court dismissed with prejudice all claims against the individual defendants and dismissed without prejudice the NWPCA retaliation claim against Mutual of Omaha. Filing 21. The Court later granted judgment on the pleadings in favor of Mutual of Omaha on the remaining NFEPA and Title VII retaliation claims. Filing 32. Judgment entered accordingly. Filing 33. This case is now before the Court on Tanner's "Motion to alter or amend judgement under Federal Rule 59(E)," Filing 34, and her "Motion to Oppose Miscellaneous Relief 33, 35 under Federal Rule 56.1(b)," Filing 36. For the reasons stated below, both Motions are denied.

## I.   INTRODUCTION

Plaintiff Tanner filed both an original Complaint and an Amended Complaint in this action *pro se*. Filing 1; Filing 15. Tanner remained *pro se* throughout these proceedings. In her Amended Complaint, Tanner alleged the bases for her claims to be Neb. Rev. Stat. § 48-1235, a provision of the NWPCA prohibiting retaliation; Neb. Rev. Stat. § 48-1114, a provision of the

NFEPA prohibiting retaliation;[1] and unspecified provisions of Title VII. Filing 14 at 5 (§ II.A.).

Tanner alleged,

> I was terminated by Mutual of Omaha on September 19, 2023. As a result in [sic] participating in protected activity and after I filed an EEOC complaint I was retaliated against and fired. Did this violate my civil rights?

Filing 14 at 5 (¶ II.A.). More specifically, Tanner's "Claim #1" against Mutual of Omaha stated the following:

> Mutual of Omaha Insurance company states in its employment policies for employees they have a nonretaliation policy. This policy allows an employee to file in good faith a complaint with the code of conduct and ethics department and not be subjected to retaliatory action. When [sic] I filed the code of ethics complaints in October 2020, February 2021, and July 12, 2023, and filed an external complaint with the EEOC on August 20, 2023. Mutual of Omaha received the complaint on or around August 28, 2023 and terminated my employment for the same reason I filed the charge with the EEOC. I was terminated on September 19, 2023 as retaliation for filing complaints [a]nd while participating in the EEOC complaints filed while I was employed.

Filing 14 at 6. Tanner's Claims #2 through #12 alleged claims against individual employees of Mutual of Omaha to whom she complained or who complained about her conduct allegedly leading to her termination. Filing 14 at 6–9.

The Court dismissed Claims #2 through #12 with prejudice as to the individual employees "because such claims are not cognizable against individuals." Filing 21 at 10. The Court also dismissed without prejudice Tanner's NWPCA retaliation claim against Mutual of Omaha in Claim #1. Filing 21 at 10. The Court did not consider Tanner's Title VII and NFEPA claims against Mutual of Omaha in Claim #1 at that time because "Defendants never assert[ed] a basis for dismissal of the NFEPA and Title VII retaliation claims against Mutual of Omaha. . . ."

---

[1] Tanner also alleged that her Amended Complaint was based on another provision of the NFEPA setting out procedural matters, Neb. Rev. Stat. § 48-1118. That provision of the NEFPA does not prohibit any conduct.

Filing 21 at 5. Thus, the Court stated, "This case will proceed on the retaliation claims pursuant to the NFEPA and Title VII against defendant Mutual of Omaha only." Filing 21 at 10.

Mutual of Omaha eventually filed a Motion for Judgment on the Pleadings on the remaining NFEPA and Title VII claims against it. Filing 28. Mutual of Omaha also filed a Motion to Stay Discovery and Case Progression Deadlines, or Alternatively to Extend Deadlines in Final Progression Order. Filing 30. That Motion requested the stay of deadlines "pending the Court's ruling on Mutual of Omaha's Motion for Judgment on the Pleadings [Filing 28], or alternatively to extend all deadlines set forth in the Final Progression Order for a period of 120 days." Filing 30 at 1. The basis for Mutual of Omaha's Motion to Stay was that "[t]he Court's ruling on Mutual of Omaha's Motion [for Judgment on the Pleadings] could have a significant impact on the nature of this case, any remaining claims, whether expert witnesses are needed, and the appropriate scope of discovery." Filing 30 at 2 (¶ 9). Mutual of Omaha represented that Tanner had been contacted and had advised "she will not consent to this motion." Filing 30 at 2 (¶ 8). A magistrate judge of this Court entered a Text Order granting Mutual of Omaha's Motion to Stay and stayed the deadlines in the Final Progression Order, Filing 25, "pending further order of the Court." Filing 31.

Tanner never responded to Mutual of Omaha's Motion for Judgment on the Pleadings. Filing 32 at 4 (noting this failure to respond within the time provided by NECivR 7.1(b)(1)(B)). The Court granted Mutual of Omaha's Motion as to the remaining claims and directed entry of a separate Judgment. Filing 32 at 9. The Court explained,

> Construing Claim #1 of the Amended Complaint liberally, Tanner does not plead sufficient facts to support the claims advanced. Claim #1 of the Amended Complaint makes the conclusory assertion, "I was terminated . . . as retaliation for filing complaints" and merely states Tanner made "code of ethics complaints in October 2020, February 2021, and July 2023, . . . filed an external complaint with the EEOC on August 20, 2023, . . . and . . . was terminated on

3

September 19, 2023[,] as retaliation for filing complaints." Filing 14 at 6. Claim #1 is without any factual allegations as to the contents of the complaint, the circumstances surrounding the complaint, to whom the complaint was made, or against whom the complaint was made. Filing 14 at 6. Even when accepted as true, these naked assertions are devoid of further factual enhancement that would allow the Court to draw a reasonable inference that Tanner either "participated in" or "opposed" conduct protected by either Title VII or the NFEPA. Tanner also fails to allege any facts that suggest she had a "good faith belief" her complaints were protected under Title VII or the NFEPA. Because Tanner did not allege she had an objectively reasonable basis for believing that a Title VII or NFEPA violation had occurred, her complaint did not constitute protected activity. Accordingly, after granting all reasonable inferences in her favor the Court finds Tanner failed to plead sufficient facts to establish it was plausible she engaged in protected conduct.

Filing 32 at 8–9 (cleaned up, with citations to legal authorities omitted). The Court explained further, "Since the Court determined Tanner failed to establish that she engaged in protected activity, the Court need not reach the issue of causation raised by Mutual of Omaha." Filing 32 at 9 n.2 (citation omitted). Judgment entered accordingly. Filing 33.

Thereafter, Tanner filed the two Motions now before the Court seeking reconsideration of the Memorandum and Order on Defendant's Motion for Judgment on the Pleadings and the Judgment pursuant to the Memorandum and Order. Filing 34; Filing 36. Mutual of Omaha resisted both Motions. *See* Filing 35; Filing 37. Tanner filed no replies in further support of the Motions.

## II.  LEGAL ANALYSIS

The Court will consider Tanner's Motions in turn.

### A.  The Motion for Reconsideration

In her "Motion to alter or amend judgement under Federal Rule 59(E)," Tanner states that she is "submitting a Motion to alter or amend judgement under Federal Rule [of Civil Procedure] 59(e) and or Federal Rule [of Civil Procedure] 60." Filing 34 at 1. The Court will refer to this

Motion as Tanner's Motion for Reconsideration. Tanner states that she is seeking the following

relief:

> I would like to request the court to reconsider the Judgement on the basis
> presented in the factual documentation I am providing. With respect to the court I
> am asking for reconsideration to allow my case to be placed back on the court
> docket with the final progression order that was placed. I would also like to
> provide details and the cause of action to why I did not file any motions with the
> hope that I am provided with a fair and just measure from the court to substantiate
> the claims I made against the Defendant and to further provide factual evidence
> that under the NEPA and Title VII act violations occurred.

Filing 34 at 1. Tanner explains that she is seeking reconsideration because "[t]he appeal process

would be costly for myself as a pro se litigant." Filing 34 at 1. Tanner did not file a separate brief

or separate index of evidence in support of her motion. Instead, she filed various documents as

attachments to her motion.

### 1. The Parties' Arguments

Tanner's initial argument in support of her Motion for Reconsideration is that Mutual of

Omaha had objected to a subpoena for information that she had sent, but Mutual of Omaha had

not cited any legal ground for the objection. Filing 34 at 1. Tanner "ask[s] that the court look and

review this and decide why this information was unjustly objected although it was a court

ordered subpoena" and that "[t]his documentation would have assisted me in [sic] substantiate all

my claims against the Defendant." Filing 34 at 1. Tanner then argues, "I am requesting that the

court withdraws the dismissal of the case and allows an evidentiary review of the factual matters

of the case beyond statements made from either side. The evidence should be reviewed before

judgment is made." Filing 34 at 2 (adding, "I am simply asking that the court to reconsider the

judgement to dismiss and close this case, and order the Defendant to provide the requested

information in the subpoena and that the court orders for both sides to present the material facts

and evidence and then allow the court to rule to dismiss or lift the stay and the final progression

order that was issued be reinstated and discovery continues.").

Tanner then offers an excuse for her failure to respond to Mutual of Omaha's Motion for

Judgment on the Pleadings:

> As the court pointed out several times, I am Pro Se I had to ensure that I followed
> the court rules I was not aware of the ability to still file after the judgment on
> March 10, 2025, from the court that the motion to stay was granted. I could not
> simply locate even through a google search where [whether?] I was to still file a
> response.

Filing 34 at 2. Tanner also states that she asked attorneys for advice, but they "simply stated to

wait for the judge's order." Filing 34 at 2.

As to the merits of her claims, Tanner asserts,

> I am confident that the evidence and factual documents I can and will present for
> this case will show without a doubt that violations against NFEPA and Title VII
> occurred not just to me but several employees from the Defendant. Also, with
> respect to the court the closing of this case based on the Defendant's motion of
> statement of claim against the defendant with the objection to the court ordered
> subpoena this material information in order to file my timely response was needed
> therefore it prohibited me from filing my response and alongside I could not
> locate in the court rules outside of unless a judge ordered a response after granted
> a motion I could still file a response[.]

Filing 34 at 2. Tanner concludes her Motion for Reconsideration by reiterating that she believes

that she could prove her claims:

> I want to ensure that all stated documents are in the case filing so therefore I am
> providing this information to show the court that if the judgment is altered or
> amended and the information is provided from the Defendant I can substantiate
> each claim made against the defendant to also include the wage complaint that the
> court ordered on September 27, 2024 that was dismissed without prejudice. This
> case should be placed back on the docket for a full discovery of the material facts
> and evidentiary proof to be reviewed and decisioned by the court no later than
> May 30, 2025.

Filing 34 at 2–3.

In response, Mutual of Omaha argues that Tanner's Motion for Reconsideration is both procedurally and substantively deficient. Filing 35 at 6. As to procedural deficiencies, Mutual of Omaha argues that Tanner's Motion for Reconsideration "is wholly noncompliant with the Court's local rules"—specifically, NECivR 7.1—so the Court should deem the Motion abandoned. Filing 35 at 6. As to substantive deficiencies, Mutual of Omaha argues that Tanner's Motion for Reconsideration describes no error of law or fact made by the Court and presents no new or relevant evidence pertaining to the Court's Order granting judgment as a matter of law. Filing 35 at 7. Mutual of Omaha argues that the Court granted judgment on the pleadings after properly determining that Tanner's Complaint was devoid of nonconclusory allegations demonstrating any protected conduct, but Tanner skips over this conclusion and seeks discovery and an evidentiary review of the factual matters in the case. Filing 35 at 7–8. Mutual of Omaha contends that Tanner's arguments about the subpoenas that she served on Mutual of Omaha fundamentally misunderstands the basis for judgment on the pleadings, which occurs without submission of evidence and instead focuses on fatal flaws in the pleading of claims. Filing 35 at 8. Mutual of Omaha contends further than none of Tanner's submissions with her Motion for Reconsideration—consisting of unauthenticated subpoenas, correspondence, and other documents—show that she engaged in protected activity. Filing 35 at 8. Indeed, Mutual of Omaha argues, Tanner's Motion for Reconsideration like her Amended Complaint consists of conclusory and naked assertions devoid of factual enhancement. Filing 35 at 9.

   2.  *Standards for Reconsideration*

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). The Eighth Circuit Court of Appeals

has explained, "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in the original); *Kohlbeck v. Wyndham Vacation Resorts, Inc*., 7 F.4th 729, 734 n.2 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). The Eighth Circuit has stated that it "construes motions for reconsideration of non-final orders as motions under Rule 60(b). . . ." *Kohlbeck*, 7 F.4th at 734 n.2 (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018)). Here, Rule 59(e) standards would apply to reconsideration of the Judgment on the Pleadings because that judgment is final. *Kohlbeck*, 7 F.4th at 734 n.2; *Broadway*, 193 F.3d at 989. However, Rule 60(b) expressly states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for listed reasons. Fed. R. Civ. P. 60(b). Thus, Rule 60(b) is also applicable to a final judgment like the Judgment on the Pleadings.

"Rule 59(e) was adopted as a mechanism for the district court to correct its own mistakes shortly after entering judgment." *Nordgren v. Hennepin Cnty*., 96 F.4th 1072, 1077 (8th Cir. 2024) (citing *Banister v. Davis*, 590 U.S. 504 (2020)). Consequently, Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Tanner's Motion for Reconsideration is timely because it was filed just two days after the judgment on the pleadings was entered. The Eighth Circuit "review[s] rulings on Rule 59(e) motions for abuse of discretion: District courts have broad discretion in determining whether to alter or amend judgment under Rule 59(e); we will not reverse absent a clear abuse of discretion." *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (cleaned up). The Eighth Circuit has further explained, "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal

8

theories, or raise arguments which could have been offered or raised prior to entry of judgment."
*Id.* (internal quotations and citations omitted); *accord Nordgren*, 96 F.4th at 1077 ("Rule 59(e) has a corrective purpose and as such cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the issuance of judgment, re-argue the merits of claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting.").

Although Rule 60(b) specifies various grounds for setting aside a final judgment or order—including "any other reason that justifies relief"[2]—the Eighth Circuit has explained that relief pursuant to Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances." *Williams*, 891 F.3d at 706 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)); *accord Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014))).

---

[2] Rule 60(b) provides,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### 3.    Tanner Is Not Entitled to Reconsideration under Applicable Standards

Mutual of Omaha's arguments about the procedural deficiencies of Tanner's Motion for Reconsideration are well-founded. *See* Filing 35 at 6–7 (citing NECivR 7.1). However, those procedural deficiencies pale in comparison to the substantive deficiencies of the Motion, so the Court will focus on those substantive deficiencies.

Tanner's arguments in support of her Motion for Reconsideration demonstrate a misunderstanding of both the basis on which a motion for judgment on the pleadings is decided and the proper basis for a Rule 59(e) motion. When ruling on a motion for judgment on the pleadings, the Court "generally may not consider materials outside the pleadings in deciding whether to grant a [Rule 12(c)] motion for judgment on the pleadings [but] may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal citations and quotations omitted). When reviewing a Rule 12(c) motion, the Court must "accept as true the facts alleged in . . . the amended complaint and grant all reasonable inferences in [the nonmovant's] favor, determining whether she pled 'enough facts to state a claim to relief that is plausible on its face.'" *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court finds unavailing Tanner's arguments in her Motion for Reconsideration about the need to consider materials that she subpoenaed but had not yet received before judgment is entered. The Court concludes that the subpoenaed materials were irrelevant to the disposition of Mutual of Omaha's Motion for Judgment on the Pleadings because such a motion is based on the face of a plaintiff's pleadings not on evidence that could be offered to support any claims. *Id.*

Furthermore, Tanner's frequent references to her *pro se* status do not excuse the deficiencies of her pleadings, which were the proper basis for deciding Mutual of Omaha's

10

Motion for Judgment on the Pleadings. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.") (citation omitted); *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (holding that a *pro se* complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability"); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.").

Tanner also misunderstands the purpose of a Rule 59(e) motion. Tanner does not suggest anywhere in her Motion for Reconsideration that the Court manifestly erred as a matter of law or fact in concluding that her Amended Complaint did not sufficiently plead her retaliation claims. Thus, Tanner never asserts a proper basis for relief under Rule 59(e). *See Nordgren*, 96 F.4th at 1077 (explaining that Rule 59(e) requires a movant to identifying specifically a manifest error of law or fact that the court needs to correct); *Cont'l Indem. Co.*, 7 F.4th at 717 (explaining that Rule 59(e) motions serve a limited function including "correcting manifest errors of law or fact"). More specifically, both Title VII and NFEPA retaliation claims require pleading among other things that the claimant "engaged in protected conduct." *Schottel v. Neb. State Coll. Sys.*, 42 F.4th 976, 983 (8th Cir. 2022) (quoting *Muldrow v. City of St. Louis*, 30 F.4th 680, 691 (8th Cir. 2022), *rev'd on other grounds*, 601 U.S. 346 (2024)); *see also Warren v. Kemp*, 79 F.4th 967, 975 (8th Cir. 2023) (vacating the judgment without considering the issue of causation because the plaintiff did not engage in protected conduct under Title VII). Tanner has not argued that the Court manifestly erred in holding that her conclusory allegations of protected activity, lacking any factual allegations making her claims plausible, were simply "naked assertions"

11

insufficient to plead her claim. *See* Filing 32 at 8–9 (so holding). The Court finds no manifest

errors requiring it to alter or amend the judgment under Rule 59(e). *Nordgren*, 96 F.4th at 1077;

*Cont'l Indem. Co.*, 7 F.4th at 717.

Furthermore, Tanner's presentation of various documents purportedly supporting her

Motion for Reconsideration does not warrant Rule 59(e) relief. Those documents are not "newly

discovered evidence," even if they somehow demonstrate that Tanner engaged in protected

activity—and the Court concludes that they do not demonstrate any such thing. *Cont'l Indem.*

*Co.*, 7 F.4th at 717 (stating that a Rule 59(e) motion can be based on newly discovered

evidence). All the attached documents existed—and Tanner knew they existed—prior to

Tanner's deadline of March 25, 2025, for opposing the Motion for Judgment on the Pleadings.

*See* Filing 34 at 4–19; *see also Cont'l Indem. Co.*, 7 F.4th at 717 (explaining that Rule 59(e)

motions cannot be used to introduce new evidence that could have been offered prior to the entry

of judgment).

Not only has Tanner failed to meet the standards for relief under Rule 59(e), but she has

failed to show any "exceptional" circumstances warranting relief under Rule 60(b). *Wagstaff &*

*Cartmell, LLP*, 40 F.4th at 842; *Williams*, 891 F.3d at 706. Tanner's mistaken notion that the

Text Order staying the Final Progression Order prevented her from opposing Mutual of Omaha's

Motion for Judgment on the Pleadings is not such an "exceptional" circumstance. Nothing in

either Mutual of Omaha's Motion to Stay, Filing 30, or the Text Order staying the deadlines in

the Final Progression Order pending further order of the court, Filing 31, reasonably suggested

that Tanner could not file an opposition to the Motion for Judgment on the Pleadings already

pending. The Motion to Stay expressly sought a stay of "all discovery and deadlines set forth in

the Final Progression Order [Filing 25] pending the Court's ruling on Mutual of Omaha's Motion

for Judgment on the Pleadings" not a stay of briefing on the Motion for Judgment on the Pleadings. Filing 30 at 3–4. The Text Order stayed deadlines in the Final Progression Order including the October 3, 2025, deadline for filing motions to dismiss and motions for summary judgment. Filing 25 at 2 (¶ 7); Filing 31. The Final Progression Order did not set out and the Text Order did not stay a deadline for opposing the Motion for Judgment on the Pleadings. *See generally* Filing 25; Filing 31. Moreover, Tanner could have asked the Court for leave to file an opposition to the Motion for Judgment on the Pleadings or a request for clarification of the stay order if she had been in doubt about whether the stay order prevented her from opposing the Motion for Judgment on the Pleadings.

Disposition of the Motion for Judgment on the Pleadings without permitting discovery or submission of additional evidence was not an "exceptional" circumstance within the meaning of Rule 60(b)—it is the norm. *See Spagna*, 30 F.4th at 715 (explaining that a Rule 12(c) motion considers whether the plaintiff "pled 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)). Likewise, disposition of the Motion for Judgment on the Pleadings without Tanner's opposition was appropriate. The applicable local rule, NECivR 7.1(b)(1)(B), clearly stated the deadline for Tanner's opposition. Furthermore, despite Tanner's failure to oppose the Motion for Judgment on the Pleadings, the Court considered that Motion on the merits and did not simply rely on Tanner's failure to oppose it. *See* Filing 32; *see also* NECivR 7.1(b)(1)(C) (explaining that failure to file an opposition is not considered a "confession" of the motion). These are not circumstances that justify relief under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(6) (allowing relief from a judgment or order for "any other reason that justifies relief"); *see also Burgs*, 745 F.2d at 528 ("Although pro se pleadings are to be construed

liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.").

For these reasons, Tanner's "Motion to alter or amend judgement under Federal Rule 59(E)" is denied.

### B.  The Motion to Oppose Miscellaneous Relief

Tanner has also filed a "Motion to Oppose Miscellaneous Relief 33, 35 under Federal Rule 56.1(b)." Filing 36. Mutual of Omaha responds in part, "While Plaintiff's most recent filing is designated as a 'motion,' it is not immediately clear that it seeks any relief from the Court." Filing 37 at 4. Mutual of Omaha then argues, "To the extent the Motion can be read as seeking some form of relief, it requests nothing beyond the relief sought through Plaintiff's Motion to Alter or Amend [*see Filing 35*] and should therefore be denied on the same grounds." Filing 37 at 4. The Court agrees that what relief—if any—Tanner seeks in this Motion is unclear where the Motion might charitably be described as a "stream of consciousness" statement. *See* Filing 36. Among other things, Tanner relies on "Federal Rule 56.1(b)" as the authority for this Motion, but there is no such Federal Rule of Civil Procedure. *See* Federal Rules of Civil Procedure. Presumably, then, Tanner means a local rule of the United States District Court for the District of Nebraska, NECivR 56.1(b). The Court finds that rule particularly inapposite because it concerns summary judgment. *See* NECivR 56.1(b) (stating requirements for an opposition to a motion for summary judgment). Neither Tanner nor Mutual of Omaha had filed a motion for summary judgment, and the Court did not consider any motion for summary judgment or somehow apply summary judgment standards to the Motion for Judgment on the Pleadings.

Nevertheless, the Court is able to discern that among other things this Motion reiterates Tanner's contention that the Judgment on the Pleadings was "unjust" because it did not allow her

to present evidence to support her claims.[3] It also identifies the filings seeking "miscellaneous relief" to which Tanner objects as Filing 33 and Filing 35, which are respectively the Judgment and Mutual of Omaha's Brief in Opposition to Plaintiff's Motion to Alter or Amend Judgment. Filing 36 at 1. These references also reasonably suggest that Tanner is again challenging the Judgment on the Pleadings. Moreover, Tanner reiterates arguments found in her prior Motion that the Court improperly granted Judgment on the Pleadings and prevented her from submitting evidence to support her claims. Filing 36 at 1–2. To the extent this Motion simply rehashes arguments presented in Tanner's Motion to Alter or Amend Judgment, it is denied for the reasons stated above.

The Court also understands Tanner to be arguing in this Motion that Mutual of Omaha's Answer to Tanner's Amended Complaint was untimely. Filing 36 at 1. Tanner argues that "[t]he court ruled from motion #21," but "[t]he response from the defendant in motion #23 came more than twenty days after." Filing 36 at 1. Filing 21 is in fact the Court's Memorandum and Order on Defendants' Motion to Dismiss filed September 27, 2024, and Filing 23 is in fact Mutual of Omaha's Answer to Plaintiff's Amended Complaint, filed November 1, 2024—neither is a "motion." Mutual of Omaha filed its Answer only after a magistrate judge pointed out that no answer to the Amended Complaint had been filed after the Court granted in part and denied in part Mutual of Omaha's Motion to Dismiss. Filing 22 at 1–2. Although Tanner based her timeliness argument on an entirely inapplicable local rule concerning summary judgment,

---

[3] *See, e.g.*, Filing 36 at 1 ("Due to the judgment against me as a Pro Se litigant this ruling in #33 has unjustly [not] allowed me to present my case fully. . . . [O]nce the court issued the judgement against me it has now placed me in an unjust place to file an appeal unless the motion to reconsider is allowed by the court."); Filing 36 at 2 ("The statements being used against this case show that as the Pro Se plaintiff did not make a connection to the Defendant based on how I relied on the court's forms is where the judgement against me seems unjust. However I have a brief that I am preparing in support of the factual documents and audio will be transcribed in the case of an appeal as well as how the Defendant knowingly provided false statements and policies that were not in place to the Equal Opportunity in response to the complaints I filed that I have obtained and will be submitted them as well.").

NECivR 56.1, Tanner is correct that the Answer was untimely under the applicable local rule. *See* NECivR 12.1 ("When a party files a motion to dismiss, the time for that party to file an answer to all claims, including those not addressed in the motion, is suspended until 14 days after the court issues a ruling on the motion."). However, the untimeliness of the Answer does not warrant any relief because no party was prejudiced by the belated Answer. The magistrate judge terminated the Order to Show Cause, which was based on Tanner's failure to prosecute, when Mutual of Omaha failed to file a timely answer. Filing 24 (terminating Filing 22). Also, the insufficiency of Tanner's pleadings—not anything in the belated Answer—was the basis for this Court's subsequent ruling granting the Motion for Judgment on the Pleadings. *See* Filing 32.

Tanner also appears to offer a new excuse for her failure to oppose the Motion for Judgment on the Pleadings. She argues that her failure to oppose that earlier Motion was because the Court's forms that she used to file her original Complaint on June 3, 2024, directed her not to make legal arguments. Filing 36 at 2. The form Complaint does state in § III. Statement of Claim, "Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought." Filing 1 at 4. Nothing in that directive could reasonably be understood to bar legal arguments in opposition to any motion. Also, the local rule on motion practice specifically states that a party opposing a motion "must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A). Again, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs*, 745 F.2d at 528.

In short, Tanner's "Motion to Oppose Miscellaneous Relief 33, 35 under Federal Rule 56.1(b)" is denied in its entirety.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1.    Plaintiff Tanner's "Motion to alter or amend judgement under Federal Rule 59(E)," Filing 34, is denied in its entirety; and

2.    Plaintiff Tanner's "Motion to Oppose Miscellaneous Relief 33, 35 under Federal Rule 56.1(b)," Filing 36, is denied in its entirety.

Dated this 17th day of July, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge